PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRADELY BARNDT, | ) | |
| | ) | CASE NO. 4:11CV0831 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CORRECTIONS CORPORATION | ) | |
| OF AMERICA, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro se* Plaintiff Bradely Barndt filed this *Bivens*[1] action against Corrections Corporation of America ("CCA"), Northeast Ohio Correctional Center ("NEOCC") Corrections Officer Vargas, and NEOCC Sergeant Greer. In the Complaint (ECF No. 1), Plaintiff alleges the Officers did not follow prison protocol for conducting a strip search. He seeks monetary relief.

## I. Background

Plaintiff's Complaint (ECF No. 1) does not contain many factual allegations. He contends Officer Vargas conducted a strip search of Plaintiff in his cell on April 6, 2011. He states that he went to Sergeant Greer to verify that Officer Vargas had the right to conduct the strip search. Plaintiff was told that all Corrections Officers at a CCA prison could conduct a strip

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). While plaintiff cites 42 U.S.C. § 1983, that section is inapplicable, as there is no allegation of action under color of *state* law. Plaintiff is a federal prisoner in the custody of the Bureau of Prisons. *Bivens*, rather than § 1983, provides federal inmates and detainees with a cause of action analogous to § 1983.

(4:11CV0831)

search if they deemed it necessary.  Plaintiff indicates he later was told by his counselor that strip searches could be conducted only on the orders of a supervisor and only in a private location.  He claims the strip search was a "gross violation of his civil rights."  ECF No. 1 at 2.

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact.[2]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal* , --- U.S. ---, 129 S.Ct. 1937, 1949 (2009).  The factual allegations in the pleading must be sufficient to raise the right to

---

[2] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

(4:11CV0831)

relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Law and Analysis

#### A. Claims against CCA

As an initial matter, CCA is not a proper party to a *Bivens* action. *Bivens* provides a cause of action only against individual officers acting under color of federal law alleged to have acted unconstitutionally. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001). A *Bivens* action cannot be brought against a federal prison, the Bureau of Prisons, or the United States Government. *Id.* CCA, which owns and operates NEOCC, is a private corporation. Because inmates housed in federal correctional institutions cannot bring an action against the prison or the government entity that operates the prison, the Supreme Court declined to extend that cause of action to a private prison or the corporate entity that owns and operates it. *Id.* at 74.

#### B. Claims against Sergeant Greer

In addition, Plaintiff does not state a claim against Sergeant Greer. He does not allege that Greer participated in the strip search. Instead, he alleges he sought on opinion from Greer after the search and was given what he believes to be incorrect information regarding prison

3

(4:11CV0831)

policy. Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth,* No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Greer cannot be held liable for the strip search of Plaintiff because there is no indication he participated in it.

Furthermore, although Plaintiff claims Greer offered an incorrect opinion on the prison's policy, he does not specify which constitutional right, if any, this action violated. To state a claim under *Bivens*, Plaintiff must assert that this Defendant violated a particular constitutional right. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991). Plaintiff merely asserts a violation of his "civil rights," but he does not specify which particular constitutional right he believes this Defendant violated.

Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A Complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions not squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "requir[e] th[e] courts to explore exhaustively all potential claims of a *pro se* plaintiff . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."

4

(4:11CV0831)

*Id.* at 1278. Moreover, Plaintiff's failure to identify a particular legal theory in his Complaint (ECF No. 1) places an unfair burden on Defendants to speculate on the potential claims that Plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. See *Wells*, 891 F.2d at 594. Even liberally construed, the Complaint (ECF No. 1) does not sufficiently state a federal constitutional claim against Sergeant Greer.

### C. Claims against Officer Vargas

Although Plaintiff alleges Vargas conducted the strip search, he does not specify which constitutional right he believes this officer violated. It is possible that Plaintiff is attempting to assert a claim under either the Fourth or the Eighth Amendment.

**1. Fourth Amendment**

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . ." U.S. CONST. AMEND. IV. While inmates retain some limited Fourth Amendment rights upon commitment to a correctional facility, those rights have to be balanced with the significant and legitimate security interests of the prison. See *Bell v. Wolfish*, 441 U.S. 520, 560 (1979) (finding that visual body-cavity searches of pretrial detainees was reasonable). A strip search, therefore, will survive a Fourth Amendment challenge so long as it is reasonable. *Id.*

> The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the

5

(4:11CV0831)

>manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.

Id. at 559. The Fourth Amendment does not prohibit the search of an inmate's person, so long as the search is reasonable in scope, manner, and location; is reasonably related to a valid penological goal; and, is not performed for a wrongful purpose, such as to humiliate or degrade a prisoner. Id.

Plaintiff alleges no facts to suggest the strip search was unreasonable. He states only that it occurred in his cell and that Vargas conducted the search. There are no other allegations about the search. Under Fed. R. Civ. P. 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1949. Rule 8 does not require Plaintiff to provide detailed factual allegations, but it does demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard Id. Plaintiff has not alleged sufficient facts to state a claim for relief under the Fourth Amendment.

**2. Eighth Amendment**

For similar reasons, Plaintiff also fails to state a claim for relief under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it conflict with society's "evolving standards of decency." Rhodes v. Chapman, 452 U.S. 337, 346 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." Id. (quoting Gregg v. Georgia, 428 U.S. 153, 173

6

(4:11CV0831)

(1976). The deprivation alleged must result in the denial of "the minimal civilized measure of life's necessities." Id. at 347; see also Wilson v. Yaklich, 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is concerned with deprivations of essential food, medical care, or sanitation or "other conditions intolerable for prison confinement." Rhodes, 452 U.S. at 348. Moreover, not every unpleasant experience a prisoner might have while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment. Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987). Plaintiff has not alleged facts to suggest the strip search involved an "unnecessary and wanton infliction of pain." The Complaint (ECF No. 1) does not reasonably indicate the search rose to the level of an Eighth Amendment violation.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]


IT IS SO ORDERED.

| | |
|---|---|
|  August 31, 2011 |  /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[3] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.